1
2
3
4
5
6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

7

| | |
|---|---|
| Hexagon Manufacturing Intelligence, Inc., a Delaware corporation, | Case No. |
| Plaintiff, | Complaint for Copyright Infringement, Breach of Contract, and Permanent Injunction |
| v. | |
| Urban Cabinets Company, a Washington corporation; Saltaire Craftsmen, L.L.C., a Washington limited liability company; DOE employees; | |
| Defendants. | |

8
9
10
11
12
13

14    Plaintiff Hexagon Manufacturing Intelligence, Inc. asserts the following claims against

15  Defendants Urban Cabinets Company, Saltaire Craftsmen, L.L.C., and DOE employees.

16                        **NATURE OF THE ACTION**

17    1.    Plaintiff Hexagon Manufacturing Intelligence, Inc. ("Hexagon") is a Delaware

18  corporation and a world-renowned leader in computer-aided design and manufacturing technology.

19  Hexagon develops and licenses software to support design and manufacturing processes for

20  tooling, production engineering, sheet metal, metal fabrication, stone, and woodworking industries.

21    2.    Hexagon's innovative "Cabinet Vision" software affords the production machining

22  market with a computer-aided manufacturing software for cabinet and countertop designing,

23  machining, and manufacturing.

24    3.    Hexagon's innovative "Alphacam" software affords the production machining

25  market with the power of sophisticated toolpath generation and seamless computer-assisted design

26  integration for milling, turning, and mill-turn machining.

Complaint for Copyright Infringement,
Breach of Contract, and Permanent Injunction - 1

KUTAK ROCK LLP
Attorneys at Law
510 W. Riverside Ave.
Spokane, WA 99201

4.      This is an action against Defendants Urban Cabinets Company ("Urban Cabinets"), a Washington corporation and Saltaire Craftsmen, L.L.C. ("Saltaire"), a Washington limited liability company and DOE employees (collectively, "Defendants"), for infringing Hexagon's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et seq., arising out of Defendants' unauthorized copying of unlicensed Cabinet Vision and Alphacam software. Defendants committed willful and blatant acts of copyright infringement by improperly copying unlicensed software without authorization for their financial gain.

5.      Hexagon informed Urban Cabinets and Saltaire of their infringement and demanded they end the unlawful copying and use of Hexagon's software. Defendants have refused to come into compliance or remedy their wrongdoing.

6.      Hexagon should be awarded injunctive relief and monetary damages to remedy and redress Defendants' willful infringement of Hexagon's copyright protected software.

## PARTIES

7.      Hexagon is a corporation organized under the laws of the State of Delaware, with its principal place of business at 250 Circuit Drive, North Kingstown, Rhode Island, 02852.

8.      Hexagon and its affiliates have obtained Certificates of Copyright Registration for its suite of Cabinet Vision software products, including, but not limited to, Registration Numbers TX0008901018 and TX0008900027, and for its suite of Alphacam software products, including, but not limited to, Registration Numbers TX0008121672, TX0009246869, and TX0009205883 (collectively, the "Copyrighted Works").

9.      On information and belief, Urban Cabinets exists under the laws of the State of Washington, with its registered and principal place of business at 19300 144th Ave. Northeast, Building 5, Woodinville, Washington, 98072.

10.     On information and belief, Saltaire exists under the laws of the State of Washington, with its registered and principal place of business at 19300 144th Ave. Northeast, Woodinville, Washington, 98072—the same address for Urban Cabinets.

Complaint for Copyright Infringement,
Breach of Contract, and Permanent Injunction - 2

KUTAK ROCK LLP
Attorneys at Law
510 W. Riverside Ave., Suite 800
Spokane, WA 99201

11.    On information and belief, Urban Cabinets and Saltaire also share the same governor, Michael Alford.

12.    On information and belief, DOE employees are or were employed by Urban Cabinets and/or Saltaire.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 17 U.S.C. § 501(b) because this is an action arising under the copyright laws of the United States, 17 U.S.C. § 101, et seq., seeking damages, injunctive, and other relief.

14.    This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Hexagon and Defendants are citizens of different states and the amount in controversy is believed to exceed $75,000.

15.    This Court has personal jurisdiction over Urban Cabinets and Saltaire because they are Washington entities with their offices and principal places of business in Woodinville, Washington in King County.

16.    Defendants transact, conduct, and solicit business within Washington and within this judicial district. Defendants committed tortious acts within Washington and within this judicial district. On information and belief, Defendants may own, use, or possess property in the State of Washington.

17.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## BACKGROUND FACTS

### Plaintiff Hexagon and its Copyrighted Works

18.    Vero Software Inc. authored and owned the Cabinet Vision copyright.

19.    On June 17, 2021, Vero Software, Inc. merged into Hexagon pursuant to an Agreement of Merger and Certificate of Merger of Foreign Corporation into a Domestic Corporation and, therefore, transferred all its right, title, and interest in Cabinet Vision to Hexagon

20.    Planit Software Limited, an entity domiciled in the United Kingdom, authored and

Complaint for Copyright Infringement,
Breach of Contract, and Permanent Injunction - 3

KUTAK ROCK LLP
Attorneys at Law
510 W. Riverside Ave., Suite 800
Spokane, WA 99201

owns the Alphacam copyright. Pursuant to a written agreement, Planit Software Limited granted Vero Software Inc., now known as Hexagon Manufacturing Intelligence, Inc., exclusive rights to reproduce, distribute, perform, and display Alphacam in the United States, including the right to enforce the copyrights and pursue any available legal remedies against infringers of Alphacam in the United States.

21.     Planit Software Limited assigned and transferred all Vero's rights, title, and interest in Alphacam to Hexagon, effective June 30, 2021.

22.     Hexagon, therefore, owns and controls exclusive rights in and to the Copyrighted Works it distributes and non-exclusively licenses to customers to assist with the operation of Computer Numerical Control ("CNC") machinery.

23.     Cabinet Vision and Alphacam are computer-aided manufacturing ("CAM") systems that provide excellent CAM platforms to help businesses become more productive and profitable.

24.     Although some CNC machinery is designed with integrated operating software, most commercial CNC machinery is separate from the operating software, allowing the machinery owner to select and buy the most appropriate applications to suit its needs.

25.     Without an operating system like Cabinet Vision or Alphacam, a CNC machine cannot produce custom products for sale like the products Urban Cabinets and Saltaire sell to their customers.

26.     Cabinet Vision and Alphacam allow a customer's computers and CNC machinery to work in tandem in a networked environment, designing, storing and modifying files, and then using those files to fashion products for sale.

27.     Critical to the success of its business, Hexagon protects its Copyrighted Works under the terms of End User License Agreements ("EULAs"). The EULAs explicitly provide that Hexagon, as licensor, does not sell its software to its customers, among other things.

28.     In consideration of a customer's compliance with the terms of the EULAs and payment of a license fee, Hexagon grants its legitimate customers, as non-exclusive licensees, a

Complaint for Copyright Infringement,
Breach of Contract, and Permanent Injunction - 4

KUTAK ROCK LLP
Attorneys at Law
510 W. Riverside Ave., Suite 800
Spokane, WA 99201

1    non-exclusive, non-sublicensable, non-transferable, limited license to install, access, and use the

2    licensed software under the terms of the EULAs.

3            29.     The EULAs are included as part of the installation process for each version of

4    Cabinet Vision and Alphacam software. In turn, a user must agree to the terms of the EULAs prior

5    to installation.

6            30.     Under the terms of the EULAs, a licensee must not provide or loan Hexagon's

7    software to any third party without Hexagon's written consent.

8            31.     To safeguard its Copyrighted Works, Hexagon implements security measures to

9    discover and deter piracy. Specifically, the EULAs permit Hexagon to utilize internal diagnostic

10    tools (i.e., technical protection measures or "TPM") to detect and collect data concerning the

11    installation and/or use of unauthorized copies of the Copyrighted Works.

12            32.     Using the TPM, Hexagon can monitor usage of its Copyrighted Works. This allows

13    Hexagon to know if a product was copied and accessed.

14            33.     Under the terms of the EULAs, users of the Copyrighted Works consent to the use

15    of the TPM and the detection and collection of personally identifiable data, as well as transmission

16    and use of that data if an unlicensed copy is detected.

17            34.     Hexagon offers and sells Cabinet Vision and Alphacam non-exclusive licenses and

18    maintenance support plans using established price lists.

19            35.     Hexagon continually works to improve its suite of Cabinet Vision and Alphacam

20    products. Customers who utilize annually renewable maintenance support plans with Hexagon are

21    entitled to new releases of the software products as well as certain updates and technical support.

22            36.     Hexagon requires its new customers to purchase a maintenance support plan upon

23    the purchase of a new valid Cabinet Vision or Alphacam license. Customers are not required to,

24    but may, purchase additional yearly maintenance support plans thereafter.

25            37.     Hexagon has no contractual obligations to its customers to sell annual maintenance

26    support plans or additional licenses.

KUTAK ROCK LLP
Attorneys at Law
510 W. Riverside Ave., Suite 800
Spokane, WA 99201

38.    Hexagon owns the exclusive rights Defendants infringed and is authorized to bring this action under the U.S. Copyright Act, 17 U.S.C. § 101, et seq., and pursuant to the EULAs.

39.    Hexagon has not provided authorization, permission, or consent to Defendants to copy, install, distribute, or access unlicensed infringing copies of Hexagon's Copyrighted Works.

## Defendants' Unlawful Conduct

40.    Like all users of Hexagon's Copyrighted Works, and as a prerequisite to installation, each time a version of Hexagon's software is installed, the user is required to accept the terms and conditions of the click-through EULA.

41.    Despite Hexagon's diligence to eliminate piracy affecting the development of new technology and causing significant revenue loss to software companies worldwide, Hexagon's TPM revealed that Defendants engaged in furtive, unlawful, and infringing conduct.

42.    Urban Cabinets previously purchased non-exclusive licenses to Hexagon's Cabinet Vision and Alphacam software (collectively, the "Valid Licenses").

43.    Urban Cabinets agreed to the terms of the EULAs embedded in the Valid Licenses upon installation of each of the Valid Licenses.

44.    On information and belief, Urban Cabinets breached the EULA when it loaned or otherwise made available its license to Cabinet Vision to Saltaire. Specifically, the TPM data shows username "rmichalson" accessed the Alphacam software licensed to Urban Cabinets on computer name "saltaire2015rob" using Saltaire's wifi at its headquarters. Urban Cabinets and Saltaire did not seek permission from Hexagon for Saltaire to access Cabinet Vision.

45.    In addition, on May 31, 2022, Hexagon discovered Defendants copied, installed, and accessed **two** unlicensed Cabinet Vision (versions 11 and 12) and **two** unlicensed Alphacam (versions 2016 and 2020) on a computer identified as "biesse-pc" with username "biesse" and MAC addresses F8:B1:56:DA:D6:D2, 16:88:11:00:05:68, and 98:58:8A:06:BE:6A, using the same IP address (173.160.154.142) Urban Cabinets uses to access its Valid Licenses. The TMP data reflects various email addresses including, but not limited to, the following domains:

KUTAK ROCK LLP
Attorneys at Law
510 W. Riverside Ave., Suite 800
Spokane, WA 99201

@saltairecraftsmen.onmicrosoft.com; @saltaire.com; @urbancabinetsnw.com;

stas@saltairecraftsmen.onmicrosoft.com; and @urbancabinetsne.com.

46.  Wifi geolocation data reveals the infringing acts occurred at Defendants' principal places of business located at 19300 144th Ave. Northeast, Woodinville, Washington, 98072 using wifi access points "Urban WiFi" and "Urban Cabinets," among others.

47.  Upon discovery of the infringement, Hexagon demanded Defendants stop infringing the Copyrighted Works.

48.  Egregiously, in August 2022, *after* Hexagon notified Defendants' governor Michael Alford of the infringing acts and demanded all infringing conduct cease, Defendants copied a third Alphacam (version 2020) on the same computer using the same username, IP address, and wifi access point, and affiliated with the same MAC addresses and email addresses. This later infringement also occurred at Defendants' principal places of business: 19300 144th Ave. Northeast, Woodinville, Washington, 98072.

49.  Defendants have refused to confirm they will cease and desist and have refused to remedy their wrongdoing.

50.  Defendants infringed Hexagon's Copyrighted Works without compensation to Hexagon and in direct violation of the EULA and federal copyright law.

51.  The cost of one Cabinet Vision license is $72,245.

52.  The cost of one Alphacam license is $116,545.

53.  Urban Cabinets have not paid for additional licenses to copy and access Cabinet Vision and Alphacam.

54.  Saltaire has not paid for any licenses to copy and access Cabinet Vision and Alphacam.

55.  Without right or authorization, Defendants copied two unlicensed Cabinet Vision products and three Alphacam products (collectively, the "Infringing Products"), presumably to use with their CNC machines at their facility in Woodinville, Washington.

Complaint for Copyright Infringement,
Breach of Contract, and Permanent Injunction - 7

56.    On information and belief, Defendants copied the Infringing Products to conduct business.

57.    On information and belief, Defendants used the Infringing Products to create files and/or to manufacture products for which they charge their customers.

58.    On information and belief, Defendants have directly profited from the unauthorized and illegal use of the Infringing Products.

59.    On information and belief, Saltaire has additionally directly profited from the unauthorized and illegal use of Urban Cabinets' valid Cabinet Vision license.

60.    Defendants knew or should have known copying and use of the Copyright Works violated Hexagon's copyrights and the EULA, especially because the Copyrighted Works contain explicit notices identifying the copyright owner and because Urban Cabinets was a preexisting Hexagon customer when it infringed Hexagon's Copyrighted Works.

61.    Defendants are in willful violation of the law for copying the Infringing Products without a valid license.

62.    Defendants' acts give rise to a willfulness finding, among other reasons, because Hexagon put Defendants on notice of the infringing conduct, and Defendants continued to infringe.

63.    As part of Urban Cabinets' installation of the Valid Licenses and the Infringing Products, Urban Cabinets entered valid and binding contracts with Hexagon (i.e., the EULAs) related to prohibited use of Hexagon's software and other terms and conditions.

64.    Specifically, Urban Cabinets agreed unauthorized use of Hexagon's Cabinet Vision and Alphacam works constitutes a material breach of the EULA.

65.    Urban Cabinets further agreed that use of Hexagon's software outside the scope of the license grant constitutes infringement of Hexagon's intellectual property rights.

66.    Urban Cabinets further agreed to be responsible for its users' compliance with the EULA.

67.    Urban Cabinets further agreed to not provide, loan, or otherwise make available the

KUTAK ROCK LLP
Attorneys at Law
510 W. Riverside Ave., Suite 800
Spokane, WA 99201

Valid Licenses to any person or third party without Hexagon's prior written consent.

68.     Urban Cabinets also agreed to indemnify Hexagon and its affiliates against any and all losses and expenses, including reasonable attorney fees and expenses, in connection with any legal proceeding arising out of unauthorized installation, use of, or access to Hexagon's software.

69.     Urban Cabinets further agreed that in the event of a breach of the EULA for unauthorized use of Hexagon's Cabinet Vision and Alphacam programs, Urban Cabinets shall pay Hexagon for the period of the installation of illegal use of Hexagon's software, purchase replacement software licenses, purchase a three-year maintenance support plan, and pay anti-piracy and compliance fees.

70.     Notwithstanding, Hexagon's remedy at law is inadequate to compensate it fully for its injuries. Unless enjoined, Defendants' actions will likely continue, causing irreparable damage to Hexagon. It would be extremely difficult or impossible to estimate the amount of compensation necessary to afford Hexagon complete monetary relief for continuing acts damaging Hexagon's intangible assets and goodwill. Absent injunctive relief, Hexagon will continue to be harmed by Defendants' infringing activities.

## COUNT I
### Copyright Infringement Against All Defendants
### 17 U.S.C. § 501

71.     Hexagon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

72.     Hexagon is the owner of exclusive rights in and to the Copyrighted Works, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. § 501, et seq.

73.     Defendants and DOE employees did not have Hexagon's authorization to copy, install, or use the Infringing Products.

74.     Defendants and DOE employees copied the Infringing Products and, therefore, infringed Hexagon's exclusive rights granted by the Copyright Act, 17 U.S.C. § 106.

75.     Additionally, Hexagon did not provide Saltaire and its employees with authorization

Complaint for Copyright Infringement,
Breach of Contract, and Permanent Injunction - 9

to copy, install, or use the Cabinet Vision product validly licensed to Urban Cabinets.

76.     Saltaire and/or DOE employees copied and accessed the Cabinet Vision product validly licensed to Urban Cabinets in violation of the Copyright Act, 17 U.S.C. § 106.

77.     Defendants' acts of infringement are willful and are in disregard of and with indifference to Hexagon's rights given the notices on the Copyrighted Works "About" page viewable at installation, notice of prohibited infringing conduct, and because Urban Cabinets is a preexisting Hexagon customer.

78.     On information and belief, Defendants profited by their unlawful actions.

79.     As a direct and proximate result of the infringement, Hexagon is entitled to actual damages and any ill-gotten profits in amounts to be proven at trial.

80.     Alternatively, at its election, Hexagon is entitled to statutory damages up to the maximum amount of $150,000 per infringing work (here, at least three) for willful infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

81.     Hexagon further is entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

82.     As a direct and proximate result of Defendants' acts and conduct, Hexagon has sustained, and will sustain, substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will likely continue to infringe Hexagon's rights in the Copyrighted Works. Hexagon is entitled to injunctive relief under 17 U.S.C. § 502.

## COUNT II
### Breach of Contract Against Urban Cabinets

83.     Hexagon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

84.     Urban Cabinets entered valid and binding contracts (i.e., the EULAs) with Hexagon upon installation of the Valid Licenses and the Infringing Products.

85.     Specifically, Urban Cabinets agreed unauthorized use of Hexagon's Cabinet Vision

Complaint for Copyright Infringement,
Breach of Contract, and Permanent Injunction - 10

KUTAK ROCK LLP
Attorneys at Law
510 W. Riverside Ave., Suite 800
Spokane, WA 99201

1    and Alphacam works constitutes a material breach of the EULA.

2    86.     Urban Cabinets further agreed that use of Hexagon's software outside the scope of

3    the license grant constitutes infringement of Hexagon's intellectual property rights.

4    87.     Urban Cabinets further agreed to supervise and control use of Hexagon's software

5    and ensure Hexagon's software in compliance with the EULA.

6    88.     Urban Cabinets further agreed to not provide, loan, or otherwise make available the

7    Valid Licenses to any person or third party without Hexagon's prior written consent.

8    89.     Urban Cabinets also agreed to indemnify Hexagon and its affiliates against any and

9    all losses and expenses, including reasonable attorney fees, in connection with any legal proceeding

10   arising out of unauthorized installation, use of, or access to Hexagon's software products,

11   including, but not limited to, claims that such conduct infringes Hexagon's intellectual property

12   rights.

13   90.     Urban Cabinets further agreed that in the event of a breach of the EULA for

14   unauthorized use of Hexagon's Cabinet Vision and Alphacam programs, Urban Cabinets shall pay

15   Hexagon for the period of the installation of illegal use of Hexagon's software, purchase

16   replacement software licenses, purchase a three-year maintenance support plan, and pay anti-piracy

17   and compliance fees.

18   91.     Urban Cabinets breached the Cabinet Vision EULA by providing its valid license

19   to Cabinet Vision 12 to Saltaire for its copying and use, and/or by using the Valid Licenses for

20   estimating or performing work for Saltaire.

21   92.     Urban Cabinets breached the EULAs by (1) accessing unlicensed Cabinet Vision

22   and Alphacam works; (2) using Hexagon's software outside the scope of the license grant; (3)

23   failing to supervise and control its users' use of Hexagon's software; and (4) failing to compensate

24   Hexagon in accordance with its compliance policy described in the EULA.

25   93.     As a result of Urban Cabinets' breaches, Hexagon has been damaged and continues

26   to be damaged in an amount to be proven at trial.

Complaint for Copyright Infringement,
Breach of Contract, and Permanent Injunction - 11

**COUNT III**
**Permanent Injunction Against All Defendants**
**17 U.S.C. § 502(a)**

94.    Hexagon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

95.    Defendants copied, downloaded, and accessed unlicensed Infringing Products. Defendants have failed to confirm they will cease using the unauthorized software.

96.    Defendants' blatant disregard for the law shows they are likely to continue to engage in future wrongful conduct.

97.    Hexagon does not have an adequate remedy at law to guard against future infringement by Defendants.

98.    Hexagon requests a permanent injunction be entered against Defendants prohibiting continued infringement of Hexagon's copyrights pursuant to 17 U.S.C. § 502(a).

**PRAYER FOR RELIEF**

Hexagon prays for judgment against Urban Cabinets and Saltaire and their affiliates, agents, servants, employees, partners and all persons in active concert or participation with them, for the following relief:

1.    Award Hexagon actual damages and profits in such amount as may be found; alternatively, at Hexagon's election, for maximum statutory damages for each act of willful infringement; or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c);

2.    Award Hexagon damages for breach of the EULAs, including, but not limited to the value of the Infringing Products, the cost of a three-year maintenance support policy, and additional fees and expenses as appropriate under the terms of the EULA;

3.    Issue an order permanently enjoining Defendants, and all persons acting in concert or participation with them, from infringing any of Hexagon's exclusive rights under 17 U.S.C. § 106;

4.    For treble damages, costs and prejudgment interest, and for such other amounts as

Complaint for Copyright Infringement,
Breach of Contract, and Permanent Injunction - 12

KUTAK ROCK LLP
Attorneys at Law
510 W. Riverside Ave., Suite 800
Spokane, WA 99201

may be proven at trial or as otherwise provided by federal or state law;

5.    For Hexagon's attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505, under the terms of the EULAs, and pursuant to common law or statutory rights; and

6.    For other and further relief, in law or in equity, to which Hexagon may be entitled or which the Court deems just and proper.

DATED this 16th day of June, 2025.

By: *s/ Sarah E. Elsden*
Sarah E. Elsden, WSBA #51158

By: *s/ Lesley R. Gangelhoff*
Lesley R. Gangelhoff, WSBA #57491

Kutak Rock LLP
510 W. Riverside Ave., Suite 800
Spokane, WA 99201
Telephone: (509) 747-4040
Facsimile: (509) 747-4545
sarah.elsden@kutakrock.com
lesley.gangelhoff@kutakrock.com
spokanelitigationfilings@kutakrock.com

*Attorneys for Plaintiff*

Complaint for Copyright Infringement,
Breach of Contract, and Permanent Injunction - 13

Kutak Rock LLP
Attorneys at Law
510 W. Riverside Ave., Suite 800
Spokane, WA 99201